UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FARMERS INSURANCE
COMPANY, INC                                                                    PLAINTIFF

v.                                        No. 2:20-CV-02153

ARCHIE HUTCHENS, et al.                                                  DEFENDANTS

## OPINION AND ORDER

Before the Court are Plaintiff Farmers Insurance Company, Inc.'s ("Farmers Insurance")
motion (Doc. 17) for summary judgment, brief (Doc. 18) in support, and statement of facts
(Doc. 19).  Defendant Cody Beneux filed a response (Doc. 20) in opposition, brief (Doc. 21), and
statement (Doc. 22) of facts.  Defendants Archie Hutchens and Robbie Hutchens filed a response
(Doc. 23) in opposition, brief (Doc. 24), and statement of facts (Doc. 25).  Farmers Insurance filed
a reply (Doc. 26) and brief (Doc. 27).  For the reasons set forth below, the motion will be granted.

**I.      Background**

Farmers Insurance issued homeowners insurance policy #940688922 to Archie and Robbie
Hutchens and named Mr. and Mrs. Hutchens as the insureds on the policy.  The portions of the
policy relevant to this lawsuit read:

> **Section II  - Liability Coverage**
> We will insure you for the coverages as described below except as otherwise
> indicated in the Declarations or renewal notice.
>
> **Coverage E (Personal Liability)**
>
> We pay those damages which an **insured** becomes legally obligated to pay because
> of:
>
> 1. **bodily injury** resulting from an occurrence; or
> 2. **property damage** resulting from an occurrence.

1

At our expense and with attorneys of our choice, we will defend an **insured** against any suit seeking damages covered under Coverage E (Personal Liability).  Our obligation to defend a suit seeking damages ends once we have paid our applicable **stated limit**.  We may investigate and settle any claim or suit seeking damages that we consider appropriate.

We do not have any duty to defend or settle any suit involving actual, alleged, threatened or declared **bodily injury** or **property damage** not covered under this liability insurance.  This applies whether or not the suit is groundless, false or fraudulent.

. . .

**Section II – Liability Exclusions**

Coverage E (Personal Liability, Coverage F (Medical Payments to Others) and **personal injury** coverage, if covered under this policy, do not apply to:

. . .

2. **Business.**

We do not cover **bodily injury**, **property damage** or **personal injury** arising from, during the course of or in connection with any past or present **business** engaged in by any **insured** or conducted from any **insured location**.  By way of example, this includes but is not limited to any warranty, any act, or any duty rendered, promised, owed or implied to be provided because of the nature of the **business**.

3. **Business or Professional Services.**

We do not cover **bodily injury**, **property damage** or **personal injury** arising from, during the course of or in connection with the rendering or failure to render **business** or professional services.

(Doc. 17-1, pp. 33-36) (emphasis in original).

Mr. Hutchens organized and operated Archie's Tree Service, an Oklahoma LLC.  Archie's Tree Service provides tree cutting and lawn maintenance in and around Fort Smith, Arkansas.  On November 15, 2018, Cody Beneux and Mr. Hutchens were working for Archie's Tree Service in Sebastian County, Arkansas.  While working, Mr. Beneux was injured when a tree branch fell on him.  At the time of Mr. Beneux's injury, Mr. Hutchens was in the bucket lift of a cherry picker

cutting tree branches.  On April 1, 2020, Mr. Beneux filed a lawsuit in the Circuit Court of Sebastian County, Arkansas against Mr. Hutchens and Archie's Tree Service.  Mr. Beneux alleged Mr. Hutchens and Archie's Tree Service were negligent and that both Mr. Hutchens and Mr. Beneux were acting in the scope of their employment with Archie's Tree Service.

Farmers Insurance filed a complaint for declaratory judgment in this Court on August 26, 2020, seeking a declaration that the policy it issued does not cover this occurrence, and that Farmers Insurance has no duty to defend Archie Hutchens, Robbie Hutchens, or Archie's Tree Service in connection with the November 15, 2018 incident nor duty to defend any party in connection with the present litigation in Sebastian County, Arkansas.

## II.    Legal Standard

After viewing the record in the light most favorable to the nonmoving party and granting all reasonable factual inferences in the nonmovant's favor, a motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Haggenmiller v. ABM Parking Serv., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016).  Facts are material when they can "affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Disputes are genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.  "While the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial."  *Haggenmiller*, 837 F.3d at 884 (quotations omitted).

### III.     Analysis

A federal district court sitting in diversity applies its forum state's substantive law, including the forum state's choice of law principles.  *Guardian Fiberglass, Inc. v. Whit Davis Lumber Co.*, 509 F.3d 512, 515 (8th Cir. 2007); *Simmons Foods, Inc. v. Indus. Insurers*, 863 F.3d 792, 797 (8th Cir. 2017).  "Arkansas courts will enforce a contractual choice-of-law clause, provided that the law selected is reasonably related to the contract at issue and does not violate a fundamental public policy of the forum state."  *Nursing Home Consultants v. Quantum Health Servs.*, 926 F. Supp. 835, 841 (E.D. Ark. 1996) (citing *Ark. Appliance Distrib. Co. v. Tandy Elec.*, 292 Ark. 482, 485-86 (1987)).  Here, the policy contains a choice-of-law provision that states "[t]he laws of the state where the **residence premises** is located shall govern any and all claims or disputes in any way related to this policy."  (Doc. 17-1, p. 43) (emphasis in original).  Because the Hutchens's property was in Pocola, Oklahoma, the parties agree Oklahoma law applies, and applying Oklahoma law does not violate a fundamental public policy, Oklahoma law will apply.

"Oklahoma law is clear that an insurance policy is a contract subject to the rules of interpretation and application which governs contracts."  *Progressive N. Ins. Co. v. J&S Exchange, Inc.*, 352 F. Supp 3d 1156, 1164 (E.D. Okla. 2018) (citing *Cranfill v. Aetna Life Ins. Co.*, 49 P.3d 703, 706 (Okla. 2002)).  Courts first determine as a matter of law if the policy language is ambiguous, and "[i]nsurance contracts are ambiguous only if they are susceptible to two constructions."  *Broom v. Wilson Paving & Excavating, Inc.*, 356 P.3d 617, 628 (Okla. 2015) (citation omitted).  "If an insurance policy is not ambiguous, it is interpreted according to the plain meaning of the language in the policy."  *Id.* (citing *VBF, Inc. v. Chubb Group of Ins. Cos.*, 263 F.3d 1126, 1230 (10th Cir. 2001)).  Insurance polices contain exclusions which "eliminate[] coverage where, were it not for the exclusion, coverage would . . . exist under the insurance

4

policy." *Alfalfa Elec. Coop, Inc. v. Mid-Cont'l Cas. Co.*, 350 P.3d 1276, 1283 (Okla. Civ. App. 2014) (citation and alteration omitted).  "Policy exclusions are read seriatim; *each exclusion* eliminates coverage and operates independently against the general declaration of insurance coverage and all prior exclusions by specifying other occurrences not covered by the policy." *Id.* (emphasis in original) (citation and quotations omitted).  "In case of doubt, exclusions exempting certain specified risks are construed strictly against the insurer." *Id.*

The parties agree that Archie's Tree Service does not meet the definition of "insured" under the policy.  Because Archie's Tree Service is not an insured as defined by the policy, Farmers Insurance does not have a duty to defend or indemnify Archie's Tree Service, LLC in connection with the November 15, 2018 event.

Farmers Insurance also argues it does not have a duty to defend or indemnify Mr. Hutchens because the policy contains two applicable business exclusions.  Exclusion 2 states the policy does not provide coverage for "**bodily injury, property damage** or **personal injury** arising from, during the course of or in connection with any past or present **business** engaged in by any **insured** or conducted from any **insured location**."  (Doc. 17-1, p. 35) (emphases in original).  Exclusion 3 states the policy does not provide coverage for "**bodily injury, property damage** or **personal injury** arising from, during the course of or in connection with the rendering or failure to render **business** or professional services." *Id.* (emphases in original).  The policy defines business as "any full or part-time employment, trade, profession, or occupation, or a commercial, mercantile or industrial undertaking of an economic nature.  It does not matter whether it is continuous or regular or is a secondary or supplemental source of income or is an **insured's** principal means of livelihood." *Id.* at 10. (emphasis in original).

Farmers Insurance argues these two exclusions apply because Mr. Hutchens and Mr. Beneux were working for Archie's Tree Service when the accident occurred. Defendants argue the business exclusions are ambiguous because the exclusions are subject to multiple interpretations. Specifically, Defendants argue Mr. Hutchens could not be engaged in any business because he was performing work for Archie's Tree Service and therefore it was Archie's Tree Service, not Mr. Hutchens, that was engaged in business. Despite Defendants' attempts to create ambiguity regarding the business exclusions, none exists. The policy unambiguously defines business to include "any full or part-time employment, trade, profession, or occupation." Mr. Hutchens was clearly engaged in business, as defined by the policy, during the 2018 incident and any argument to the contrary borders on frivolous. Further "[a]n insured may be found to have engaged in a business pursuit, for purposes of this exclusion, through a business entity." *Nat'l Farmers Union Prop. & Cas. Co. v. Garfinkel*, 277 P.3d 905, 913 (Colo. App. 2012) (citing *Grain Dealers Mut. Ins. Co. v. Farmers All. Mut. Ins. Co.*, 298 F.3d 1178 (10th Cir. 2002) ("An employee's role in a business pursuit is sufficient to bring the employee within the exclusion's scope, given that 'business' is defined as a 'trade, profession or occupation.'")).

Because Mr. Hutchens was engaged in business, Exclusions 2 and 3 apply and Farmers Insurance does not have a duty to defend or indemnify Archie Hutchens in connection with the November 15, 2018 incident. Farmers Insurance also argues the motor vehicle and performance of a contract exceptions apply. Because the business exceptions decidedly exclude coverage, the Court will not rule on the applicability of the remaining two exceptions.

Though Mrs. Hutchens is named in this action because she is insured under the policy, she is not named in the underlying state court action and had no involvement whatsoever in the event at issue in that action. The parties largely fail to address Mrs. Hutchens in this litigation, but to

the extent it is necessary to make a finding, Farmers Insurance has no duty to defend or indemnify Mrs. Hutchens under this policy in connection with the state court action or the November 15, 2018 incident.

**IV.    Conclusion**

IT IS THEREFORE ORDERED that Farmers Insurance's motion (Doc. 17) for summary judgment is GRANTED.  A declaratory judgment will be entered separately.

IT IS SO ORDERED this 29th day of April, 2021.

*/s/ P. K. Holmes, III*

P.K. HOLMES, III
U.S. DISTRICT JUDGE